UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARTHA SMALANSKAS,<br>RICHARD SMALANSKAS,<br><br>Defendants. | Criminal Action No. 12-10303-PBS |

ORDER ON MOTION TO RESCIND

October 16, 2012

SOROKIN, M.J.

The defendants' Motion to Rescind the No Contact Order (Docket #22) is DENIED. According to the allegations of the Indictment, the defendants employed, for sixteen years, an illegal alien as a domestic employee or nanny (hereinafter "the nanny"). This employment came to an end in May 2011 when a federal search warrant for evidence related to the investigation into this activity was executed at the defendants' home. During the period between the search and the September 18, 2012 arrest of the defendants pursuant to the Indictment in this case, the defendants and the nanny communicated with each other. They also saw each other on at least one or two occasions. When the Court released the defendants on September 18, 2012, it imposed a condition barring the defendants from any contact with the nanny. The Defendants

objected at the time, subsequently reported contact initiated by the nanny, and now request that the Court remove the no contact condition.  The government opposes, but concedes via an affidavit from the nanny that she did initiate contact with the defendants twice: in August, to request money for her ailing father; and in October, to wish happy birthday to one of the defendants' children.  During at least one of these conversations, according to the nanny, there was also reference to substantial monetary demands made on behalf of the nanny by her counsel, and to the potential consequences to the defendants of the criminal investigation.

The Court need not resolve the competing factual contentions of the parties regarding the nature of the defendants' treatment of the nanny (either before or after the search).  The nanny is a potential witness in this prosecution charging the defendants with Harboring an Illegal Alien in violation of 8 U.S.C. § 1324, Conspiracy in violation of 18 U.S.C. § 371, and forfeiture.  The condition precluding the defendants from having contact with the nanny is a reasonable, appropriate, and relatively ordinary condition.[1]  It addresses the risk of obstruction of justice, witness tampering, and witness intimidation which could arise from ongoing communication between the defendants and the nanny while the Indictment remains pending.  While the Court recognizes that the condition may impose hardship on the defendants and/or the nanny in light of the many years during which they lived together, the condition, in the circumstances of this case, is nonetheless warranted.  Accordingly, the Motion is DENIED.  In the event the nanny contacts the defendants, the defendants are to terminate immediately the communication.

The Assistant United States Attorney prosecuting this case shall: (1) provide a copy of

---

[1] This condition does not preclude defense counsel from communicating with the nanny as part of his investigation and defense of the charges in this matter.

this Order to the nanny; (2) arrange, if the nanny's native language is not English, for a Court certified interpreter to read the nanny the Order in her native language; (3) explain to the nanny the terms of the Court's no contact order as it applies to the defendants, and advise the nanny regarding the government's opinion as to whether she should contact the defendants during the pendency of this case;[2] and (4) file a notice with the Court by October 26, 2012 affirming that he has complied with this Order.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge

---

[2]Based on the government's statements in filings and during previous hearings in this matter, it appears the government wisely does not wish for the nanny to communicate with the defendants while the case is pending.